IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 23, 2012 Session

## RAY PASCHALL, ET AL. V. PATRICK SREBNICK, ET AL.

**Appeal from the Chancery Court for Williamson County**
**No. 35392     Jeffrey S. Bivins, Chancellor**

_____

**No. M2011-02059-COA-R3-CV - Filed June 7, 2012**

_____

Plaintiffs, who voluntarily dismissed their lawsuit, appeal the trial court's award of discretionary costs to the defendants. Finding no error, we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., J., and BEN H. CANTRELL, SP. J., joined.

Shawn Patrick Sirgo, Nashville, Tennessee, for the Appellants, Ray Lamar Paschall and Naomi Paschall.

William Bryan Jakes, III, Nashville, Tennessee, for the Appellees, Patrick Srebnick, Melinda Srebnick, Residential Engineering, and BJK Inspections, Inc.

**OPINION**

This appeal arises out of a lawsuit filed by Ray and Naomi Paschall ("Plaintiffs"). The case was tried on May 18, 2011; in the course of the trial Plaintiffs moved for a voluntary dismissal of the action in accordance with Tenn. R. Civ. P. 41. On June 9, the trial court entered an order dismissing the case without prejudice. Defendants filed a motion under Tenn. R. Civ. P. 54.04(2) to recover costs incurred for depositions of the parties and witnesses, the court reporter's per diem for the day of trial, and attorney fees incurred in the defense of the matter. Plaintiffs filed a response opposing the motion.

At a hearing on the motion on June 27, the court orally granted Defendants their discretionary costs and declined to award attorneys fees. Following the hearing but prior to the entry of the order reflecting the oral ruling, Plaintiffs filed a Notice of Objection to Defendant's Proposed Order Granting Discretionary Cost. Plaintiffs contended that the

"arguments and evidence" presented at the hearing were limited to whether attorney fees should be awarded, that Defendants had not presented evidence that they were entitled to an award of discretionary costs, that costs were awarded without the court finding that they were reasonable and necessary, and that the court failed to make findings to reflect its reasoning in awarding the costs.

On July 12, 2011, the trial court entered an order memorializing its ruling on the motion. With regard to the objection filed by Plaintiffs, the order recited:

> The Court has considered the objections to this award filed by the Plaintiffs. The Court finds that the Plaintiffs are raising these objections for the first time in its filing of July 1, 2011. The Plaintiffs had their opportunity to raise the objections at the hearing but chose not to do so. Therefore, the Plaintiffs have waived these objections.

Plaintiffs filed a motion to alter or amend the judgment on July 29, which the court denied. Plaintiffs appeal, stating the following issues for review:

> 1. The trial court erred when it awarded discretionary costs to the Defendants.

> 2. The trial court erred when it entered its Order of July 12, 2011 denying the Plaintiffs' Motion to Alter or Amend the Judgment and ruling that the Plaintiffs had waived their objections to the discretionary costs.

Defendants separately raise the issues of whether Plaintiffs' notice of appeal was filed timely and whether this appeal is frivolous.

## DISCUSSION

I. Timeliness of Appeal

Defendants contend that this appeal was not timely initiated by Plaintiffs, inasmuch as the Notice of Appeal was filed ninety-two days after the order dismissing the case and fifty-nine days after the order granting the costs were filed. Defendants correctly note that, pursuant to Tenn. R. App. P. 4(b), the time for filing a notice of appeal runs from the time that the trial court rules on a timely filed Tenn. R. Civ. P. 59.04 motion to alter or amend; they contend that the substance of Plaintiff's motion was "an attempt by plaintiffs to have the court reconsider its ruling on defendant's motion for discretionary costs," rather than to alter or amend the judgment and, accordingly, did not extend the time to file the notice of appeal. We do not agree.

Plaintiffs filed their motion "pursuant to Rules 59.04, 60.02 and all other applicable Tennessee Rules of Civil Procedure"; they asked the court "to reverse/amend the award of discretionary cost [sic] to the Defendant; denying the award of discretionary cost in toto" and to "amend the Order to state that the award of attorneys fees is DENIED for lack of proof that the Defendant's fees were exclusively incurred as a result of claims based on the Tennessee Consumer Protection Act." While Plaintiff's motion attempted to some degree to reargue the merits of Defendants' motion for costs, it also sought to redress the manner in which Defendants' motion was presented to and considered by the court and to have the court make specific findings relative to both costs and attorneys fees; these are appropriate matters for presentation pursuant to Tenn. R. Civ. P. 54.04. Plaintiffs' motion to alter or amend, in form and substance, was within those motions contemplated by Tenn. R. Civ. P. 59.01, thereby extending the time to file the notice of appeal until the court disposed of the motion.[1]

## II. Award of Costs

Plaintiffs' argument against the court's award of costs to Defendants is two-fold: that the claimed costs were not properly documented and that the court erred when it stated that Plaintiffs had waived any objection to the award of discretionary costs.

Tenn. R. Civ. P. 54.04 authorizes the trial court, in its discretion, to award certain costs to the prevailing party, including "reasonable and necessary court reporter expenses for depositions or trials" and "expert witness fees for depositions . . . and for trials." The rule expressly provides that the court "may tax discretionary costs at the time of voluntary dismissal." The rule does not direct that a particular form or manner be employed for the submission of costs.

We have reviewed the Plaintiffs' response to Defendants' motion for discretionary costs and agree with the trial court that Plaintiffs made no specific objection to the award of costs; the response was devoted to expounding upon the reason they took a voluntary nonsuit of the matter and to opposing an award of counsel fees to Defendants. One purpose of a response to a motion seeking relief of any sort is to advise the movant of the extent to which

---

[1] Tenn. R. Civ. P. 59.01 states in pertinent part:

Motions to which this rule is applicable are: (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.07 for a new trial; or (4) under Rule 59.04 to alter or amend the judgment. These motions are the only motions contemplated in these rules for extending the time for taking steps in the regular appellate process.

the motion is opposed. Having failed to put the costs sought by Defendants at issue in their initial response by specifically objecting to either the nature of the costs sought or the manner in which the application was made, Plaintiffs waived any objection to the award.

Awarding costs in accordance with Tenn. R. Civ. P. 54.04(2) is within the trial court's reasonable discretion. *Perdue v. Green Branch Mining Co.*, 837 S.W.2d 56, 60 (Tenn. 1992). Accordingly, we employ a deferential "abuse of discretion" standard when reviewing a trial court's decision either to grant or to deny motions to assess discretionary costs. *Massachusetts Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 35 (Tenn. Ct. App. 2002); *Scholz v. S.B. Int'l, Inc.*, 40 S.W.3d 78, 84 (Tenn. Ct. App. 2000). A trial court's discretionary decision will be upheld as long as it is not clearly unreasonable, and reasonable minds can disagree about its correctness. *Bogan v. Bogan*, 60 S.W.3d 721, 733 (Tenn. 2001); *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). We have reviewed the motion for costs and find no error in the court's allowance of the costs in accordance with Tenn. R. Civ. P. 54.04.

III. Relief for the Appeal

Defendants contend that this appeal is frivolous and that, as a consequence, they are entitled to the relief set forth in Tenn. Code Ann. § 27-1-122.[2]

"A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." *Indus. Dev. Bd. of City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (quoting *Combustion Engineering, Inc. v. Kennedy*, 562 S.W.2d 202 (Tenn. 1978)) (internal citations omitted). Tenn. Code Ann. § 27-1-122. "must be interpreted and applied strictly so as not to discourage legitimate appeals. . . ." *Davis v. Gulf Ins. Group*, 546 S.W.2d 583 at 586 (Tenn. 1997).

In accordance with the express language of Tenn. Code Ann. § 27-1-122 and precedent directing how the statute is to be applied, we do not find that this appeal was totally devoid of merit such as to be declared frivolous. It was not unreasonable for Plaintiffs to seek review of the trial court's rulings relative to waiver and the manner in which the request for fees was considered; both the appellate and trial court records show that Plaintiffs presented the issues

---

[2] Tenn. Code Ann. § 27-1-122 states:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on judgment and expenses incurred by the appellee as a result of the appeal.

in a forthright manner. The fact that Plaintiffs have not prevailed on appeal does not, in and of itself, make the appeal frivolous.

**CONCLUSION**

For the foregoing reasons, the judgment of the Chancery Court is AFFIRMED.

_____
RICHARD H. DINKINS, JUDGE